SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. Nance/Bolton/Williams (A-47/48/49-15) (076626)**

**Argued November 7, 2016 -- Decided April 5, 2017**

**Patterson, J., writing for a unanimous Court.**

In these consolidated sentencing appeals, the Court considers whether an amendment to the Graves Act, N.J.S.A. 2C:43-6.2 (section 6.2), which authorizes a prosecutor to move before the assignment judge for a waiver of the Graves Act's mandatory minimum terms of incarceration for certain first-time offenders, was properly applied in defendants' sentencing proceedings. The Court also considers whether sentencing judges have the discretion to elect one of the two alternative sentences set forth in section 6.2: to "place the defendant on probation . . . or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole."

Defendant Nance pled guilty to third-degree unlawful possession of a sawed-off shotgun. As part of that agreement, the State was to recommend a sentence of five years' imprisonment with one year of parole ineligibility. At the sentencing hearing, defendant's counsel requested a reduction in sentence. The sentencing judge suggested that he would be inclined to reduce the five-year term of incarceration, but did not believe that he had the authority to reduce the mandatory minimum further because of the Graves Act waiver under section 6.2. The judge sentenced Nance to a five-year term of incarceration with a one-year period of parole ineligibility.

Defendant Willis-Bolton pled guilty to second-degree unlawful possession of a handgun. The presiding judge of the Criminal Part granted the prosecutor's motion for a reduction of the period of parole ineligibility from three years, as prescribed by N.J.S.A. 2C:43-6(c), to one year. The sentencing judge sentenced Willis-Bolton to a prison term of three years with one year of parole ineligibility, in accordance with the plea agreement.

Defendant Williams pled guilty to second-degree unlawful possession of a handgun. As part of that plea agreement, the prosecutor agreed to request that Williams's second-degree offense be treated as a third-degree offense for purposes of sentencing, and to recommend a sentence of three years' imprisonment with one year of parole ineligibility pursuant to section 6.2, rather than the three-year period of parole ineligibility that would otherwise be imposed pursuant to the Graves Act. N.J.S.A. 2C:43-6(c). The State represented to the sentencing judge that a Graves Act waiver had been approved, however it did not identify the judge who granted the waiver and the record is inconclusive on that issue. Williams was sentenced in accordance with the plea agreement.

Nance, Willis-Bolton, and Williams appealed their sentences. The Appellate Division consolidated their appeals, vacated defendants' sentences and remanded the matters to the respective sentencing courts. 442 N.J. Super. 268 (App. Div. 2015). The panel held that the sentencing judges had improperly concluded that they lacked the discretion to impose sentences that diverged from the terms recommended by the State as part of defendants' plea agreements. The panel reasoned that section 6.2 "vests discretion with the sentencing judge to impose either a one-year minimum term of parole eligibility or probation conditioned on a custodial term upon the motion for a waiver or after a prosecutor approved referral." Id. at 270. Accordingly, the panel ruled that defendants were entitled to be resentenced, with the sentencing courts unrestrained by the terms of the plea agreements.

The Court granted the State's petitions for certification in the consolidated cases. 224 N.J. 124 (2016).

**HELD**: Section 6.2 was misapplied in defendants' sentencing proceedings and therefore defendants should be resentenced. The assignment judge, not the sentencing judge, has the authority to decide whether a defendant will be sentenced to a term of probation or a term of incarceration with a one-year period of parole ineligibility. If the defendant has been convicted of a first-degree or second-degree Graves Act offense, the assignment judge (or designee) must consider the presumption of incarceration prescribed by N.J.S.A. 2C:44-1(d) when he or she chooses between the probationary and one-year mandatory minimum sentences envisioned by section 6.2.

1

1.  The provision at the center of this case, section 6.2, exempts certain first-time offenders convicted of Graves Act offenses from the mandatory minimum terms of incarceration that the statute otherwise requires.  N.J.S.A. 2C:43-6.2.  Section 6.2 was enacted to authorize the reduction of sentence for a person convicted of a first offense under the Graves Act if the prosecutor makes a motion before the assignment judge stating that the interests of justice would not be served by the imposition of the mandatory minimum term under the Graves Act.  Pursuant to a 2008 memorandum issued by the Administrative Office of the Courts, an assignment judge may delegate his or her authority under section 6.2 to the presiding judge of the Criminal Part.  (pp. 10-14)

2.  In construing section 6.2, the Court's task is to ascertain the Legislature's intent, reflecting its chosen language, and to give the words of the statute their generally accepted meaning.  The Court first considers who—the assignment judge or the sentencing judge—is authorized by section 6.2 to determine whether the defendant will be sentenced to a term of probation or a term of incarceration with a one-year period of parole ineligibility, following the grant of a prosecutor's motion for a waiver under section 6.2.  (pp. 14-15)

3.  The plain language of section 6.2 reveals a clear legislative intent that the assignment judge, not the sentencing judge, has the statutory authority to make such a determination.  When an application for a waiver under section 6.2 is made, the assignment judge or his or her designee has the authority to choose one of two sentences:  he or she "shall place the defendant on probation pursuant to [N.J.S.A. 2C:43-2(b)(2)] or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole."  N.J.S.A. 2C:43-6.2.  Although the prosecutor retains the discretion to decide whether to seek a Graves Act waiver in a given case, and may argue in favor of a probationary term or a custodial sentence with a one-year period of ineligibility, nothing in the statute suggests that the assignment judge or designee must accept the prosecutor's recommendation.  Nor does section 6.2 permit the sentencing court to choose between the statutory alternatives; the authority to elect one of the two sentences set forth in section 6.2 is clearly vested in the assignment judge.  (pp. 15-16)

4.  Two of the three cases raise an additional issue not addressed by the Appellate Division:  the role of the presumption of incarceration prescribed by N.J.S.A. 2C:44-1(d) in the sentencing determination under section 6.2 for a first-degree or second-degree Graves Act offender.  N.J.S.A. 2C:44-1(d) provides a "serious injustice" exception to the presumption of imprisonment, which applies only in extraordinary and unanticipated circumstances and thus imposes a high standard that must be overcome before a first or second-degree offender may be sentenced to a non-custodial term.  (pp. 17-18)

5.  The Court construes section 6.2 and N.J.S.A. 2C:44-1(d) so as to harmonize the two components of the Code's sentencing scheme.  Nothing in either provision suggests that a Graves Act waiver exempts a defendant convicted of a first or second-degree offense from the presumption of incarceration.  Because one of the two alternative sentences permitted under section 6.2—a custodial term with a mandatory minimum of one year—constitutes a "sentence of imprisonment" within the meaning of N.J.S.A. 2C:44-1(d), an assignment judge or designee may comply with section 6.2 and N.J.S.A. 2C:44-1(d) at once.  When the defendant has been convicted of a first-degree or second-degree Graves Act offense, the assignment judge, or the presiding judge as his or her designee, must consider the presumption of incarceration set forth in N.J.S.A. 2C:44-1(d).  Following the assignment judge's or designee's determination, the sentencing court, applying N.J.S.A. 2C:44-2 and other pertinent provisions of the Code, exercises its discretion to weigh the aggravating and mitigating factors and determine the remaining terms of the sentence; it may impose the sentence recommended as part of the plea agreement, but is not required to do so.  (pp. 18-21)

6.  In each of the three cases consolidated in this appeal, the defendant is entitled to resentencing.  The record of Nance's sentencing does not reveal whether the presiding judge made the determination required by section 6.2, and the sentencing judge considered himself constrained to accept the sentence recommended as part of the plea agreement.  In the sentencing of Willis-Bolton, the record is unclear as to whether the presiding judge conducted the determination required by section 6.2.  In the sentencing of Williams, the parties dispute whether or not the assignment judge decided between a probationary sentence and a term of incarceration as prescribed by section 6.2.  (pp. 21-24)

The judgment of the Appellate Division is **AFFIRMED**, in part, and **REVERSED,** in part, and the consolidated cases are **REMANDED** to the trial court for resentencing in accordance with this opinion.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in JUSTICE PATTERSON's opinion.**

2

STATE OF NEW JERSEY,

Plaintiff-Appellant,

v.

SHAQUILLE A. NANCE (a/k/a
NANCE SHAQUILLE A, NANCE
SHAQUILLE),

Defendant-Respondent.

────────────────────────────

STATE OF NEW JERSEY,

Plaintiff-Appellant,

v.

TAJA L. WILLIS-BOLTON (a/k/a
TAJA BOLTON, TAJA WILLIS, TAJ
BOLTON, TAJ WILLIS, TAJ
WILLISBOLTON, TAJA
WILLISBOLTON,

Defendant-Respondent.

──────────────────────────────

STATE OF NEW JERSEY,

Plaintiff-Appellant,

v.

ALVIN D. WILLIAMS,

Defendant-Respondent.

Argued November 7, 2016 – Decided April 5, 2017

On certification to the Superior Court,
Appellate Division, whose opinion is

reported at 442 N.J. Super. 268 (App. Div. 2015).

Daniel I. Bornstein, Deputy Attorney General, argued the cause for appellant (Christopher S. Porrino, Attorney General of New Jersey, attorney).

Ruth E. Hunter, Designated Counsel, argued the cause for respondents Shaquille A. Nance and Taja L. Willis-Bolton (Joseph E. Krakora, Public Defender, attorney).

Brian P. Keenan, Assistant Deputy Public Defender, argued the cause for respondent Alvin D. Williams (Joseph E. Krakora, Public Defender, attorney).

JUSTICE PATTERSON delivered the opinion of the Court.

The Graves Act, N.J.S.A. 2C:43-6(c), imposes a mandatory minimum term of incarceration on an offender "who uses or possesses a firearm while committing, attempting to commit, or fleeing after the commission of certain designated crimes." State v. Robinson, 217 N.J. 594, 607 (2014) (quoting State v. Stewart, 96 N.J. 596, 601 (1984)). An amendment to the Graves Act, N.J.S.A. 2C:43-6.2 (section 6.2), authorizes a prosecutor to move before the assignment judge for a waiver of the Graves Act's mandatory minimum terms of incarceration for certain first-time offenders. Section 6.2 empowers the assignment judge (who may delegate his or her authority to the presiding judge of the Criminal Part) to "place the defendant on probation . . . or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole."

2

Ibid.  The statute also permits a sentencing judge to refer a case to the assignment judge for a waiver of the Graves Act penalties.  Ibid.

These consolidated sentencing appeals require the Court to resolve procedural issues with respect to the application of section 6.2.  In each case, in accordance with a plea agreement between the defendant and the State, the State agreed to recommend a sentence of incarceration with a one-year period of parole ineligibility.  Following the assignment judge's approval of the Graves Act waiver pursuant to section 6.2, each defendant was sentenced to a term of incarceration with a one-year period of parole ineligibility rather than a probationary term.  Defendants challenged their sentences on appeal.  An Appellate Division panel vacated defendants' sentences and remanded for resentencings.  The panel held that a sentencing judge has the authority to choose between the alternative sentences permitted by section 6.2 and that, because the sentencing judges in these cases improperly concluded that they lacked the discretion to diverge from the sentence recommended by the State in accordance with the plea agreement, defendants should be resentenced.

We affirm in part and reverse in part the Appellate Division panel's judgment.  We affirm the panel's determination that in defendants' sentencing proceedings, section 6.2 was misapplied, and that defendants should therefore be resentenced.

3

We reverse the panel's ruling that sentencing judges have the discretion to elect one of the two alternative sentences set forth in section 6.2. In accordance with the plain language of section 6.2, the assignment judge, not the sentencing judge, has the authority to decide whether a defendant will be sentenced to a term of probation or a term of incarceration with a one-year period of parole ineligibility. N.J.S.A. 2C:43-6.2. If the defendant has been convicted of a first-degree or second-degree Graves Act offense, the assignment judge or designee must consider the presumption of incarceration prescribed by N.J.S.A. 2C:44-1(d) when he or she chooses between the probationary and one-year mandatory minimum sentences envisioned by section 6.2.

Accordingly, we remand these matters for resentencing in accordance with the procedure prescribed by section 6.2.

I.

A.

On April 19, 2013, defendant Shaquille A. Nance (Nance) pled guilty before a Mercer County judge to third-degree unlawful possession of a sawed-off shotgun, in violation of N.J.S.A. 2C:39-3(b). Nance pled guilty as part of a plea agreement that required the State to recommend a sentence of five years' imprisonment with one year of parole ineligibility, rather than the three-year period of parole ineligibility that would otherwise apply under the Graves Act, subject to the

4

presiding judge's approval of a reduction of the Graves Act's mandatory minimum.

At Nance's sentencing hearing, his counsel requested a reduction in the sentence recommended under the plea agreement from five years with a one-year period of parole ineligibility to three years with a one-year period of parole ineligibility. Defense counsel cited Nance's youth, his efforts to obtain an education and job training, and the absence of a prior felony on his record. The sentencing judge suggested that he would be inclined to reduce the five-year term of incarceration envisioned by the plea agreement, but did not believe that he had the authority to reduce the mandatory minimum further because of the Graves Act waiver under section 6.2. The judge found aggravating factor nine, "[t]he need for deterring the defendant and others from violating the law," N.J.S.A. 2C:44-1(a)(9), and "gave partial credit to" both mitigating factor seven, the lack of "history of prior delinquency or criminal activity," N.J.S.A. 2C:44-1(b)(7), and mitigating factor twelve, "[t]he willingness of the defendant to cooperate with law enforcement authorities," N.J.S.A. 2C:44-1(b)(12). In weighing the aggravating and mitigating factors in accordance with N.J.S.A. 2C:44-1(a) and (b), the judge sentenced Nance to a five-year term of incarceration with a one-year period of parole ineligibility.

5

B.

On February 19, 2013, defendant Taja L. Willis-Bolton (Willis-Bolton) pled guilty before a Monmouth County judge to one count of second-degree unlawful possession of a handgun, contrary to N.J.S.A. 2C:39-5(b). Immediately prior to the plea hearing, the presiding judge of the Criminal Part granted the prosecutor's motion for a reduction of the period of parole ineligibility from three years, as prescribed by N.J.S.A. 2C:43-6(c), to one year. The plea agreement between the State and Willis-Bolton required the State to recommend a sentence of three years' incarceration with a one-year period of parole ineligibility.

At Willis-Bolton's sentencing, the sentencing judge found aggravating factor three, "[t]he risk that the defendant will commit another offense," N.J.S.A. 2C:44-1(a)(3), and aggravating factor nine, N.J.S.A. 2C:44-1(a)(9), and found no mitigating factors. The judge concluded that the aggravating factors predominated. In accordance with the plea agreement, the judge sentenced Willis-Bolton to a prison term of three years with one year of parole ineligibility.

C.

On April 8, 2013, defendant Alvin D. Williams (Williams) pled guilty before a Union County judge to second-degree unlawful possession of a handgun, contrary to N.J.S.A. 2C:39-

6

5(b). Pursuant to the plea agreement between Williams and the State, the prosecutor agreed to request that Williams's second-degree offense be treated as a third-degree offense for purposes of sentencing, and to recommend a sentence of three years' imprisonment with one year of parole ineligibility pursuant to section 6.2, rather than the three-year period of parole ineligibility that would otherwise be imposed pursuant to the Graves Act. N.J.S.A. 2C:43-6(c). Although the State represented to the sentencing judge that a Graves Act waiver had been approved, it did not identify the judge who granted the waiver. Williams contends that the State failed to follow the statutory procedure, and the record is inconclusive on that issue.

In accordance with the plea agreement, the State asked the sentencing judge to sentence Williams as a third-degree offender. The judge found aggravating factor three, N.J.S.A. 2C:44-1(a)(3), aggravating factor nine, N.J.S.A. 2C:44-1(a)(9), and mitigating factor seven, N.J.S.A. 2C:44-1(b)(7). The judge determined that the aggravating factors outweighed the mitigating factor and sentenced Williams to a term of three years' incarceration with a one-year period of parole ineligibility.

D.

7

Nance, Willis-Bolton, and Williams appealed their sentences to the Appellate Division, which consolidated their appeals. An Appellate Division panel reversed defendants' sentences and remanded the three matters to the respective sentencing courts for resentencing. State v. Nance, 442 N.J. Super. 268, 270 (App. Div. 2015). The panel held that the sentencing judges in all three cases had improperly concluded that they lacked the discretion to impose sentences that diverged from the terms of incarceration with a one-year period of parole ineligibility recommended by the State as part of defendants' plea agreements. Id. at 273. The panel reasoned that section 6.2 "vests discretion with the sentencing judge to impose either a one-year minimum term of parole eligibility or probation conditioned on a custodial term upon the motion for a waiver or after a prosecutor approved referral." Ibid. The panel accordingly ruled that defendants were entitled to be resentenced, with the sentencing courts unrestrained by the terms of the plea agreements. Id. at 275-76.

We granted the State's petitions for certification in the three consolidated cases. 224 N.J. 124 (2016).

II.

The State argues that the Appellate Division panel misapplied the plain language of section 6.2, and undermined the established procedural framework for Graves Act waivers, when it

8

concluded that a sentencing court has discretion to sentence a defendant convicted of a Graves Act offense to probation without the prosecutor's consent or the assignment judge's approval. It contends that counsel and judges have operated on the assumption that there is a presumption against probationary sentences in Graves Act cases, and notes that the Legislature has not amended section 6.2 to eliminate that presumption. The State asserts that the presumption of incarceration prescribed by N.J.S.A. 2C:44-1(d), which was not addressed by the panel, governs the sentencing of Willis-Bolton and Williams because they were convicted of second-degree crimes.

Defendants urge the Court to affirm the Appellate Division's decision. They contend that a sentencing court is not bound by the State's specific sentencing recommendation, and that section 6.2 grants a sentencing judge expansive discretion when the defendant is a first-time Graves Act offender. Defendants dispute the State's position that the prosecutor must recommend a probationary term for a first-time Graves Act offender in order to authorize the sentencing court to impose such a term. Willis-Bolton further argues that the presumption of incarceration set forth in N.J.S.A. 2C:44-1(d) does not supersede section 6.2's specific mandate that, if a waiver is granted, the sentencing court must sentence a first-time Graves

9

Act offender to either a term of incarceration with a one-year parole disqualifier or to a probationary sentence.

III.

A.

Enacted in 1981 as "a direct response to a substantial increase in violent crime in New Jersey," the Graves Act is intended "to ensure incarceration for those who arm themselves before going forth to commit crimes."  State v. Des Marets, 92 N.J. 62, 68 (1983); see also State v. Haliski, 140 N.J. 1, 15 (1995).  As amended, the statute applies to a defendant who is convicted of one of the offenses enumerated in the statute "who, while in the course of committing or attempting to commit the crime, including the immediate flight therefrom, used or was in possession of a firearm as defined in [N.J.S.A.] 2C:39-1(f)." Des Marets, supra, 92 N.J. at 64 n.1.[1]

---

[1]  The Graves Act applies to a defendant who has been convicted of one of the following offenses:  possession of a sawed-off shotgun or defaced firearm, N.J.S.A. 2C:39-3(b), (d); possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); possession of a firearm while committing certain drug-related offenses or bias intimidation offenses, N.J.S.A. 2C:39-4.1(a); unlawful possession of a machine gun, handgun, rifle or shotgun, or assault firearm, N.J.S.A. 2C:39-5(a), (b), (c), (f); certain persons not to have weapons, N.J.S.A. 2C:39-7(a), (b)(2), (b)(3); manufacture, transport, disposition and defacement of machine guns, sawed-off shotguns, defaced firearms, or assault firearms, N.J.S.A. 2C:39-9(a), (b), (e), (g).  N.J.S.A. 2C:43-6(c).  The statute also applies to a defendant who "used or was in possession of a firearm" while in the course of committing, attempting to commit, or fleeing from the following crimes: murder, N.J.S.A. 2C:11-3; manslaughter, N.J.S.A. 2C:11-4;

10

When defendants were sentenced, the Graves Act imposed a minimum term "fixed at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater, or 18 months in the case of a fourth degree crime, during which the defendant shall be ineligible for parole." N.J.S.A. 2C:43-6(c).[2] Although the mandatory minimums are prescribed by the Graves Act, the sentencing court weighs the aggravating and mitigating factors, N.J.S.A. 2C:44-1(a) and (b), and exercises discretion over other aspects of the sentence. See, e.g., N.J.S.A. 2C:44-1(a), (b); N.J.S.A. 2C:44-2; N.J.S.A. 2C:44-5.

The provision at the center of this case, section 6.2, exempts certain first-time offenders convicted of Graves Act offenses from the mandatory minimum terms of incarceration that the statute otherwise requires. N.J.S.A. 2C:43-6.2. Section 6.2 "was originally proposed as part of an amendment to [N.J.S.A.] 2C:43-6[c] which would, overall, have increased

_____

aggravated assault, N.J.S.A. 2C:12-1(b); kidnapping, N.J.S.A. 2C:13-1; aggravated sexual assault, N.J.S.A. 2C:14-2(a); aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a); robbery, N.J.S.A. 2C:15-1; burglary, N.J.S.A. 2C:18-2; and escape, N.J.S.A. 2C:29-5. N.J.S.A. 2C:43-6(c).

[2] A few months after defendants' sentences were imposed, the Graves Act was amended to increase the periods of parole ineligibility for defendants convicted of first-degree, second-degree, and third-degree offenses to "one-half of the sentence imposed by the court or 42 months, whichever is greater." N.J.S.A. 2C:43-6(c) (2013).

11

mandatory minimum terms," but the "amendment increasing terms was not enacted." Cannel, New Jersey Criminal Code Annotated, comment 1 on N.J.S.A. 2C:43-6.2 (2017); see also Sponsor's Statement to Senate No. 827 (1988) ("This bill increases the ordinary and extended minimum mandatory terms of imprisonment without parole eligibility for conviction of certain crimes of the first and second degree under the Graves Act.").

Section 6.2 was enacted to authorize "the reduction of sentence for a person convicted of a first offense under the Graves Act if the prosecutor makes a motion before the assignment judge stating that the interests of justice would not be served by the imposition of the mandatory minimum term under the Graves Act." Senate Law, Pub. Safety & Def. Comm., Statement to S. No. 827 (1988); see also Assembly Judiciary Comm., Statement to S. No. 827 (1988). It provides:

> On a motion by the prosecutor made to the assignment judge that the imposition of a mandatory minimum term of imprisonment under (a) subsection c. of [N.J.S.A.] 2C:43-6 for a defendant who has not previously been convicted of an offense under that subsection, or (b) subsection e. of [N.J.S.A.] 2C:39-10 for a defendant who has not previously been convicted of an offense under chapter 39 of Title 2C of the New Jersey Statutes, does not serve the interests of justice, the assignment judge shall place the defendant on probation pursuant to [N.J.S.A. 2C:43-2(b)(2)] or reduce to one year the mandatory term of imprisonment during which the defendant will be ineligible for parole. The sentencing court may also refer a case of a defendant who has not

12

previously been convicted of an offense under that subsection to the assignment judge, with the approval of the prosecutor, if the sentencing court believes that the interests of justice would not be served by the imposition of a mandatory minimum term.

[N.J.S.A. 2C:43-6.2.]

Pursuant to a 2008 memorandum issued by the Administrative Office of the Courts, an assignment judge may delegate his or her authority under section 6.2 to the presiding judge of the Criminal Part. Administrative Office of the Courts, Memorandum, Motions in Graves Act Cases – Delegable by Assignment Judge to Criminal Presiding Judge (Nov. 21, 2008); see also R. 1:33-6(a) (authorizing delegation of assignment judge's authority under court rules to presiding judge).

In 2008, the Attorney General issued a Directive regarding the application of section 6.2, which was intended to "ensure statewide uniformity in the enforcement of the Graves Act, and to provide reasonable incentives for guilty defendants to accept responsibility by pleading guilty in a timely manner so as to maximize deterrence by ensuring the swift imposition of punishment." Attorney General, Directive to Ensure Uniform Enforcement of the "Graves Act" (Oct. 23, 2008, as corrected Nov. 25, 2008) (Directive) at 4. In the Directive, the Attorney General instructed prosecutors to "tender an initial standardized plea offer pursuant to [section 6.2] that will in

13

typical cases result in the defendant serving a State Prison term of one year without possibility of parole." Ibid. The Directive charged prosecutors to apply a "strict presumption" against a probationary sentence. Id. at 12-13.[3]

The Directive instructed prosecutors to seek a stay of, and appeal, a defendant's sentence if a court rejects the prosecutor's recommendation by waiving or reducing a mandatory minimum term or imposing a probationary term. Directive, supra, at 15. As the State notes, the Directive currently governs the practice of prosecutors in their applications for relief from Graves Act sentences under section 6.2.

B.

In that setting, we consider the statutory construction issues raised by these appeals. As this Court observed in the context of a sentencing appeal, "[b]ecause statutory interpretation involves the examination of legal issues, it is considered a question of law. Accordingly, a de novo standard of review applies on appeal." State in Interest of K.O., 217

---

[3] In a 2014 Clarification to the Directive, the Attorney General advised prosecutors that a sentence of non-custodial probation or pretrial intervention would be appropriate when "a resident of another state brings into New Jersey a firearm that had been acquired lawfully and that could be carried lawfully by that visitor in the visitor's home jurisdiction." Attorney General, Clarification of "Graves Act" 2008 Directive with Respect to Offenses Committed by Out-of-State Visitors from States Where Their Gun-Possession Conduct Would Have Been Lawful (Sept. 24, 2014) at 1.

14

N.J. 83, 91 (2014) (citing McGovern v. Rutgers, 211 N.J. 94, 107-08 (2012); State v. Gandhi, 201 N.J. 161, 176 (2010)). We therefore review de novo the sentencing courts' legal determinations, affording no special deference to the courts' interpretation of the relevant statutes.

In construing section 6.2, "[o]ur task is to ascertain the Legislature's intent, reflecting its chosen language, and to give the words of the statute 'their generally accepted meaning.'" State v. Bolvito, 217 N.J. 221, 228-29 (2014) (quoting State v. Marquez, 202 N.J. 485, 499 (2010)); see also N.J.S.A. 1:1-1. "When the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." State v. Shelley, 205 N.J. 320, 323 (2011).

We first consider who -- the assignment judge or the sentencing judge -- is authorized by section 6.2 to determine whether the defendant will be sentenced to a term of probation or a term of incarceration with a one-year period of parole ineligibility, following the grant of a prosecutor's motion for a waiver under section 6.2. The plain language of section 6.2 reveals a clear legislative intent that the assignment judge, not the sentencing judge, has the statutory authority to make such a determination. N.J.S.A. 2C:43-6.2.

15

When an application for a waiver under section 6.2 is made by motion of a prosecutor, the assignment judge or his or her designee has the authority to choose one of two sentences: he or she "shall place the defendant on probation pursuant to [N.J.S.A. 2C:43-2(b)(2)] or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole." Ibid. Although the prosecutor retains the discretion to decide whether to seek a Graves Act waiver in a given case, and may argue in favor of a probationary term or a custodial sentence with a one-year period of ineligibility, nothing in the statute suggests that the assignment judge or designee must accept the prosecutor's recommendation. Ibid.

Nor does section 6.2 permit the sentencing court to choose between the statutory alternatives; the authority to elect one of the two sentences set forth in section 6.2 is clearly vested in the assignment judge. Ibid. The sentencing court's task is to devise a sentence that comports with the assignment judge's ruling and the sentencing provisions of the Code; although the court may impose the sentence recommended by the State under the plea agreement, it is not required to do so. See State v. Hess, 207 N.J. 123, 151 (2011) (holding that plea agreement may include sentence to be recommended by State, but may not restrict "the court's ability to exercise discretion in sentencing"); State v. Warren, 115 N.J. 433, 442 (1989)

16

("[P]arties can agree only on a sentence that the prosecutor will 'recommend' to the court; they are not empowered to negotiate a sentence that can have any binding effect."). Accordingly, the plain language of section 6.2 resolves the first question raised by this appeal.

Two of the three cases before the Court, which involve the sentencing of second-degree Graves Act offenders, raise an additional issue not addressed by the Appellate Division: the role of the presumption of incarceration prescribed by N.J.S.A. 2C:44-1(d) in the assignment judge's sentencing determination under section 6.2 for a first-degree or second-degree Graves Act offender. N.J.S.A. 2C:44-1(d) provides:

> The court shall deal with a person who has been convicted of a crime of the first or second degree . . . by imposing a sentence of imprisonment unless, having regard to the character and condition of the defendant, it is of the opinion that his imprisonment would be a serious injustice which overrides the need to deter such conduct by others.

"The 'serious injustice' exception to the presumption of imprisonment applies only in 'truly extraordinary and unanticipated circumstances,'" State v. Jabbour, 118 N.J. 1, 7 (1990) (quoting State v. Roth, 95 N.J. 334, 358 (1984)), "where the 'human cost' of punishing a particular defendant to deter others from committing his offense would be 'too great,'" State v. Evers, 175 N.J. 355, 389 (2003) (quoting State v. Rivera, 124

17

N.J. 122, 125 (1991)).  N.J.S.A. 2C:44-1(d) thus imposes a high standard that must be overcome before a first or second-degree offender may be sentenced to a non-custodial term.

When, as here, two related statutes are relevant to the disposition of a matter, they "should be read in pari materia and construed together as a unitary and harmonious whole."  Nw. Bergen Cty. Utils. Auth. v. Donovan, 226 N.J. 432, 444 (2016) (quoting Saint Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 15 (2005) (internal quotation marks omitted)).  As this Court has observed,

> [w]hen ascertaining legislative intent, we can infer that the Legislature was "familiar with its own enactments, with judicial declarations relating to them, and . . . passed or preserved cognate laws with the intention that they be construed to serve a useful and consistent purpose."  Those principles require us to look to related legislation to determine the contours of [a] statutory right . . . .
>
> [State v. Greeley, 178 N.J. 38, 46 (2003) (first omission in original) (emphasis omitted) (quoting State v. Federanko, 26 N.J. 119, 129 (1958)).]

We construe section 6.2 and N.J.S.A. 2C:44-1(d) so as to harmonize the two components of the Code's sentencing scheme. Nothing in either provision suggests that a Graves Act waiver exempts a defendant convicted of a first or second-degree offense from the presumption of incarceration.  N.J.S.A. 2C:44-1(d) governs the sentencing of any "person who has been

18

convicted of a crime of the first or second degree," with no exception for defendants who are granted a Graves Act waiver. N.J.S.A. 2C:44-1(d). Because one of the two alternative sentences permitted under section 6.2 -- a custodial term with a mandatory minimum of one year -- constitutes a "sentence of imprisonment" within the meaning of N.J.S.A. 2C:44-1(d), an assignment judge or designee may comply with section 6.2 and N.J.S.A. 2C:44-1(d) at once. By considering the standard of N.J.S.A. 2C:44-1(d) in deciding between the probationary and custodial sentences authorized by section 6.2, an assignment judge or presiding judge achieves the legislative objectives of both provisions.

Indeed, a contrary construction would produce unfair and anomalous results. A defendant convicted of second-degree robbery committed without the use of a weapon, for example, is subject to the presumption of incarceration; absent a finding that the presumption is overcome under the "serious injustice" standard, such a defendant would face a five- to ten-year prison term, and may not be sentenced to probation. See N.J.S.A. 2C:15-1(b) (defining second-degree robbery); N.J.S.A. 2C:43-6(a)(2) (establishing sentencing range for second-degree offenses); N.J.S.A. 2C:44-1(d) (prescribing presumption of incarceration for second-degree offenses absent finding of "serious injustice"). If the presumption of incarceration were

19

held inapplicable to sentencing determinations under section 6.2, any Graves Act offender convicted of first-degree robbery -- committed while armed with, or using or threatening to use, a deadly weapon -- could be sentenced to a probationary term without the need for a finding of "serious injustice." N.J.S.A. 2C:15-1(b); N.J.S.A. 2C:43-6.2.

Such a sentencing disparity would not only be inequitable, but would also substantially undermine the deterrent objective of the Graves Act. "[I]t is axiomatic that statutory interpretations that lead to absurd or unreasonable results are to be avoided." Haliski, supra, 140 N.J. at 9; see also Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 573 (2012) (rejecting construction of N.J.S.A. 52:17C-10 that would generate unintended results). The presumption of incarceration set forth in N.J.S.A. 2C:44-1(d) should apply when an assignment judge or his or her designee chooses between section 6.2's alternative sentences.

In sum, when the Legislature enacted section 6.2, it clearly intended a specific procedure for a Graves Act waiver initiated by a prosecutor's motion. The prosecutor decides whether or not to seek a Graves Act waiver under section 6.2 and may advocate a particular sentence in the motion. The assignment judge, not the sentencing court, has the authority to determine whether the defendant will be sentenced to a

20

probationary term pursuant to N.J.S.A. 2C:43-2, or a term of incarceration with a one-year period of parole ineligibility. N.J.S.A. 2C:43-6.2. In that determination, the assignment judge or designee may accept the prosecutor's recommendation as to the appropriate sentence, but is not bound by that recommendation. Ibid.; Hess, supra, 207 N.J. at 151. When the defendant has been convicted of a first-degree or second-degree Graves Act offense, the assignment judge, or the presiding judge as his or her designee, must consider the presumption of incarceration set forth in N.J.S.A. 2C:44-1(d).

Following the assignment judge's or designee's determination, the sentencing court, applying N.J.S.A. 2C:44-1 and other pertinent provisions of the Code, exercises its discretion to weigh the aggravating and mitigating factors and determine the remaining terms of the sentence; it may impose the sentence recommended as part of the plea agreement, but is not required to do so. See N.J.S.A. 2C:44-1; Hess, supra, 207 N.J. at 151 (citing Warren, supra, 115 N.J. at 447).

C.

We concur with the Appellate Division panel that, in each of the three cases consolidated in this appeal, the defendant is entitled to resentencing.

The record of defendant Nance's sentencing for a third-degree Graves Act offense does not reveal whether the presiding

judge, acting as the assignment judge's designee, made the determination required by section 6.2. Moreover, the sentencing judge considered himself constrained to accept the five-year sentence of incarceration recommended as part of Nance's plea agreement, notwithstanding the judge's misgivings about the length of that sentence and the non-binding nature of the sentencing recommendation. Thus, the sentence did not conform to section 6.2. N.J.S.A. 2C:43-6.2. If, on resentencing, the assignment judge or her designee elects the term of incarceration with a one-year mandatory minimum that was advocated by the State, the sentencing judge may impose the five-year base term recommended by the State pursuant to the plea agreement, but is not required to do so.

In the sentencing of defendant Willis-Bolton, the record is similarly unclear as to whether the presiding judge, acting as the assignment judge's designee, conducted the determination required by section 6.2. Accordingly, the assignment judge or her designee should determine whether Willis-Bolton should be sentenced to a term of probation or a term of incarceration pursuant to section 6.2. In that determination, the assignment judge or designee must consider the presumption of incarceration prescribed by N.J.S.A. 2C:44-1(d), given the second-degree charge to which Willis-Bolton pled guilty. The sentencing judge

22

is afforded discretion to fashion other terms of the sentence in accordance with the Code.

In the sentencing of defendant Williams, who pled guilty to a second-degree Graves Act charge in accordance with a plea agreement that called for him to be sentenced as a third-degree offender, the parties dispute whether or not the assignment judge (or the presiding judge as her designee) decided between a probationary sentence and a term of incarceration with a one-year mandatory minimum, as prescribed by section 6.2. On resentencing, the assignment judge or her designee should make that determination, taking into account the presumption of incarceration set forth in N.J.S.A. 2C:44-1(d).[4] The sentencing judge will then determine the remaining aspects of Williams's sentence, retaining the discretion to impose the sentence recommended in the plea agreement between Williams and the State or an alternative sentence authorized by the Code's sentencing provisions.

---

[4] Notwithstanding the State's agreement that Williams would be sentenced as a third-degree offender rather than a second-degree offender, the presumption of incarceration applies. See Evers, supra, 175 N.J. at 389 ("The downgrading of an offense is not a prerequisite to finding that the presumption of imprisonment for a first- or second-degree conviction has been overcome."); State v. Salentre, 275 N.J. Super. 410, 415 (App. Div.), certif. denied, 138 N.J. 269 (1994) ("The presumption of imprisonment continues, and the presumption against imprisonment does not apply, on the downgrading of a second[-]degree crime to third[-]degree for sentence purposes.").

23

IV.

The judgment of the Appellate Division is affirmed in part and reversed in part, and the consolidated cases are remanded to the trial court for resentencing in accordance with this opinion.


CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in JUSTICE PATTERSON's opinion.