**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2694-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE G. RAMOS,
a/k/a ORLANDO LOMBA,

    Defendant-Appellant.

_____

Submitted May 14, 2025 – Decided July 31, 2025

Before Judges Marczyk and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 92-08-1533.

Jose Gilberto Ramos, appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Colleen Kristan Signorelli, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an April 1, 2024 Law Division order denying his motion to correct an illegal sentence. We affirm.

Defendant raises the following arguments on appeal:

POINT I

DEFENDANT WAS NOT AFFORDED A NEW PRESENTENCE REPORT BEFORE RESENTENCING IN VIOLATION OF N.J.S.A. 2C:44-6, R. 3:21-2, State v. Towey, 244 N.J. Super. 582 [App. Div. 1990]; State v. Mance, 300 N.J. Super. 37 [App. Div. 1997]; and State v. Randolph, 210 N.J. 330 (2012).

POINT II

THE SENTENCING COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE ON COUNT TEN, AND FOR NOT PROVIDING A BASIS FOR THE IMPOSITION OF COUNT TEN CONSECUTIVE TO COUNT ONE IN VIOLATION OF N.J.S.A. 2C:44-5.

POINT III

THE SENTENCING COURT ILLEGALLY SENTENCED DEFENDANT TO AN AGGREGATED TERM OF FORTY-YEARS BASED ON A QUALITATIVE WEIGHING OF AGGRAVATING FACTORS THAT DO NOT SUPPORT SUCH SENTENCE IN VIOLATION OF N.J.S.A. 2C:44-1(a) -1 THROUGH 13, AND 2C:44-1(b)-1 THROUGH 13.

POINT IV

IMPOSITION OF MAXIMUM SENTENCES, CONSECUTIVE TO EACH OTHER, (Counts One and

2

Ten) IS IN VIOLATION OF PRE-AMENDMENT
State v. Yarbough, 100 N.J. 627 (1985).

We have carefully considered defendant's arguments in light of the record and applicable legal principles and conclude they are not cognizable attacks pertaining to the legality of the sentence under Rule 3:21-10(b)(5), and are otherwise procedurally barred as expressly adjudicated, see R. 3:22-5, or discoverable but not properly raised in prior proceedings, see R. 3:22-4.

Defendant extensively challenged the legality of his sentence throughout the span of numerous direct appeals,[1] post-conviction relief (PCR) petitions and motions for change of sentence and appeals of those decisions,[2] and his unsuccessful pursuit of a writ of habeas corpus.[3]

Defendant's post-conviction sentencing challenges began on direct appeal. We affirmed his conviction, but remanded for resentencing concluding in relevant part that the court "failed to consider all of the Yarbough factors" or

---

[1] See State v. Ramos, No. A-5598-95 (App. Div. Mar. 19, 1998) (Ramos I); State v. Ramos, No. A-3095-99 (App. Div. Jan. 18, 2001) (Ramos II).

[2] See State v. Ramos, No. A-4731-01 (App. Div. Apr. 8, 2003); State v. Ramos, No. A-2837-05 (App. Div. Feb. 20, 2007); State v. Ramos, No. A-4397-10 (App. Div. May 2, 2012); State v. Ramos, No. A-5740-13 (App. Div. June 1, 2015); State v. Ramos, No. A-4296-17 (App. Div. Jan. 9, 2019).

[3] See Ramos v. Ricci, No. 07-2719 (D.N.J. Oct. 17, 2008).

A-2694-23

"articulate the reasons for imposing the maximum parole ineligibility periods, as well as the consideration of an inappropriate aggravating factor." Ramos I, slip op. at 24. We instructed the trial court, "in making the determination whether terms should be concurrent or consecutive, 'the focus of the court should be on the fairness of the overall sentence.'" Ibid. (quoting State v. Sutton, 132 N.J. 471, 485 (1993)).

In 1999, the trial court resentenced defendant consecutively on the convictions for attempted murder and murder, but imposed all other terms for the remaining offenses to run concurrently for an aggregate term of life imprisonment, plus twenty years, with forty years' parole ineligibility. We affirmed the sentence on January 18, 2001, concluding the "sentence [imposed] [wa]s not manifestly excessive or unduly punitive and d[id] not constitute an abuse of discretion." Ramos II, slip op. at 1.

After unsuccessfully appealing the denial of three PCR petitions between 2001 and 2012, defendant then filed a series of motions for reconsideration of his sentence, which were denied by the trial court and this court. Thereafter, defendant filed a "Motion to Reconsider Judge's [October 5, 2023] Order Denying Motion as Within Time (to Correct an Illegal Sentence)," pursuant to Rule 3:21-10(b). On April 1, 2024, the motion court denied the motion in a one-

A-2694-23

page order, addressing his motion as "[d]efendant's [m]otion to [c]orrect an [i]llegal [s]entence," denying the motion "for the reasons set forth in [its] . . . decision . . . addressing the same issue, dated July 27, 2017." It is from this order that defendant appeals.

Defendant challenges his 1999 sentence imposed after remand, claiming the trial court: (1) failed to obtain an updated presentence report, (2) imposed a maximum sentence on counts consecutive to each other, and (3) erroneously applied aggravating factor nine. Defendant has not properly asserted an illegal sentence argument.

Rule 3:21-10(b)(5) provides that "[a] motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice." Claims asserting the illegality of a sentence are reviewed de novo, see State v. Nance, 228 N.J. 378, 393 (2017), as are questions of law regarding whether claims are procedurally barred, see State v. Robinson, 217 N.J. 594, 603-04 (2014). Our Supreme Court has recognized "two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019). These categories "have been 'defined narrowly.'" Ibid. (quoting State v. Murray, 162 N.J. 240, 246 (2000)).

It is well-settled that "mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground of [PCR] and can only be raised on direct appeal from the conviction." State v. Clark, 65 N.J. 426, 437 (1974). Likewise, if a sentence falls within the statutory range, "issues relating to the determination of aggravating and mitigating factors, the balancing thereof and the conclusions resulting from that balancing generally deal with claims of 'excessiveness,' as opposed to 'illegality.'" State v. Ervin, 241 N.J. Super. 458, 472 (App. Div. 1989). Defendant's argument regarding his sentence reiterates claims of error in its imposition; not illegality.

Moreover, defendant's sentence, falling within the statutorily authorized ranges for each offense, and the consecutive nature of his sentence, has been previously reviewed and affirmed. As the motion court found, this court has already carefully reviewed the consecutive nature of defendant's sentence, and, consequently, the claims are barred from reconsideration here. See State v. Njango, 247 N.J. 533, 544 (2021) (recognizing that full and fair litigation of an issue becomes law of the case preventing its relitigation in the same or subsequent proceeding); see also R. 3:22-5 ("A prior adjudication upon the merits . . . is conclusive . . . .").

A-2694-23

Regarding the challenge to the adequacy of the presentence report utilized in resentencing, this claim similarly falls outside the narrow corridor of claims properly raised under Rule 3:21-10(b)(5) and was known and "could . . . reasonably have been raised" in defendant's many challenges to that sentence over the twenty-five years of protracted post-conviction litigation. See R. 3:22-4.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2694-23