**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3025-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM TOZER, a/k/a
WILLIAM P. TOZER,

     Defendant-Appellant.

_____

Submitted October 2, 2024 – Decided October 21, 2024

Before Judges Currier and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 88-08-0389.

William Tozer, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Thomas M. Caroccia, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant, William Tozer, appeals from a March 27, 2023 order denying his second motion to correct an illegal sentence. We affirm.

I.

We distill the following relevant facts and procedural history from our decision on direct appeal, State v. Tozer, No. A-4095-95 (App. Div. Jan. 4, 1999) (slip op. at 4-6), and the record. As we previously observed in upholding defendant's conviction, the "proofs were overwhelming." Ibid.

On the same night in 1988, defendant separately attacked two elderly victims in their homes after entering to commit burglaries, killing Reverend Leon Blackman and seriously injuring Reverend Lawrence Moore. Physical and forensic evidence tied defendant to the crime scene where Reverend Blackman was strangled and beaten to death with a pipe. Reverend Moore survived his attack and identified defendant, describing defendant's stabbing him in the arm and washing himself in the sink, threatening "that'll finish you," before stabbing Moore again in the side as he left the home.

Charged and tried for these crimes in late 1995, a jury, rejecting defendant's intoxication defense, convicted defendant of murder, N.J.S.A. 2C:11-3(a)(1)-(2), felony murder, N.J.S.A. 2C:11-3(a)(3), two counts of burglary, N.J.S.A. 2C:18-2, two counts of aggravated assault (second- and third-

degree), N.J.S.A. 2C:12-1(b)(1) and (2), and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d).[1]

At sentencing, the court considered the nature and circumstances of the offenses as well as defendant's personal characteristics and history, including his alcohol addiction and "substantial prior convictions." The court considered the aggravating and mitigating factors particular to each offense, including the heinous manner in which each attack was carried out and the advanced ages of the victims, finding six aggravating factors, N.J.S.A. 2C:44-1(a)(1), (2), (3), (6), (9), and (12), and no mitigating factors. The court expressly considered the factors of State v. Yarbough, 100 N.J. 627, 643-44 (1985), detailing its reasons under each consideration for imposition of consecutive sentences, specifically addressing the reasons for the aggregate sentence and noting its view that merger left four distinct offenses for consideration: murder, and that related burglary, aggravated assault, and that related burglary.

---

[1] The jury trial followed a remand by this court, reversing defendant's first conviction after his guilty plea to felony murder and aggravated assault, determining defendant's plea was not knowingly entered. See State v. Tozer, No. A-5624-89 (App. Div. June 9, 1993) (slip op. at 7-8). Defendant pled guilty pursuant to an agreement that he would not face a death sentence, unaware that felony murder was not a capital offense. He was then tried on the original charges with the possibility of capital punishment foreclosed.

Accordingly, after merging the felony murder offense into the murder, and the third-degree aggravated assault and possession of weapon charges into the second-degree aggravated assault for which an extended term was granted pursuant to N.J.S.A. 2C:44-3(a)(1), the court imposed twenty years' imprisonment with ten years' parole ineligibility for the assault conviction consecutive to a life sentence with thirty years' parole ineligibility for the murder. Ten years' incarceration with five years' parole ineligibility was imposed on each burglary consecutive to each other and consecutive to the murder for an aggregate life sentence plus forty years with fifty-five years parole ineligibility.

On direct appeal, we affirmed the conviction and affirmed the consecutive sentences for the Blackman murder and the Moore aggravated assault. See Tozer, No. A-4095-95, slip op. at 6. We vacated the consecutive sentences for the two burglaries and imposed them to run concurrent with each other and with the consecutive murder and aggravated assault sentences resulting in "an aggregate sentence of life plus twenty years with forty years before parole eligibility." Id. at 11-12.

Defendant then engaged in a protracted pursuit of post-conviction relief (PCR). Between 2003 and 2009, defendant filed five unsuccessful petitions for

PCR.[2]  In 2013, defendant's first motion to correct an illegal sentence pursuant to Rule 3:21-10(b) was similarly denied.  Any appeals of those denials were similarly rejected.  See State v. Tozer, No. A-0576-13 (App. Div. Oct. 1, 2014) (order at ¶ 2); see also State v. Tozer, No. A-6212-03 (App. Div. Jan. 23, 2006) (slip op. at 7-8).

In 2023, defendant filed a motion pursuant to Rule 3:21-10(b) challenging again the imposition of consecutive sentences, arguing his sentence is illegal because the trial court did not weigh the fairness of his aggregate sentence as required under Yarbough and State v. Torres, 246 N.J. 246 (2021).

The PCR court denied defendant's motion after thoroughly chronicling the history of the case and defendant's post-conviction challenges.  Citing applicable law, the court determined the application was essentially "an excessive sentence argument and those must be raised in a direct appeal, not by way [of] an illegal sentence motion or by way of a petition for [PCR]."  Specifically, the court found "defendant's assertion[s] regarding consecutive sentenc[es] or the absence of reasons for imposing consecutive sentences do not relate to the issue of sentence illegality and are not cognizable on PCR or under Rule 3:21-10(b)(5).

---

[2] Defendant's Writ of Habeas Corpus petition was denied as untimely.  See No. 08-2432, 2008 U.S. Dist. LEXIS 109475, at *13 (D.N.J. June 30, 2008).

[See State v.] Acevedo, 205 N.J. [40,] 47 [(2011)]."  Accordingly, the court

denied defendant's challenge as "without merit."

## II.

Defendant appeals, self-represented, raising the following arguments:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING [DEFENDANT]'S MOTION FOR AN ILLEGAL SENTENCE SINCE [DEFENDANT]'S SENTENCE IS ILLEGAL AND HE IS ENTITLED TO A REMAND FOR RESENTENCING BECAUSE THE TRIAL COURT, IN OPTING TO IMPOSE HIS SENTENCES CONSECUTIVELY TO EACH OTHER FAILED TO WEIGH THE FAIRNESS OF HIS AGGREGATE SENTENCE IN TERMS OF ITS REAL-TIME IN VIOLATION OF STATE V. YARBOUGH, 100 N.J. 627 (1985) and STATE V. TORRES, 246 N.J. 246 (2021).
>
> POINT II
>
> THE TRIAL COURT ERRED IN CONDUCTING THE HEARING IN ABSENTIA AND NOT ASSIGNING [DEFENDANT] A LAWYER.

## III.

We find these claims lack sufficient merit to warrant extended discussion

in a written opinion.  See R. 2:11-3(e)(2).  We briefly summarize our reasons

for denying relief.

6

Rule 3:21-10(b)(5) provides that "[a] motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice . . . ." Claims asserting the illegality of a sentence are reviewed de novo, State v. Nance, 228 N.J. 378, 393 (2017), as are questions of law regarding whether claims are procedurally barred, see State v. Robinson, 217 N.J. 594, 603-04 (2014).

Our Criminal Code does not define what constitutes an "illegal sentence," but our courts recognize "two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019). These categories "have been 'defined narrowly.'" Ibid. (quoting State v. Murray, 162 N.J. 240, 246 (2000)). A "defendant's contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence legality and are not cognizable on PCR, or under the present Rule 3:21-10(b)(5) . . . ." Acevedo, 205 N.J. at 47 (internal quotation marks omitted); see also Hyland, 238 N.J. at 145-46 (stating a sentence "is not illegal if the sentencing judge fails to state the reasons for imposition of a sentence . . . but otherwise imposes an authorized sentence.").

Applying these principles, we concur that these claims are not cognizable under Rule 3:21-10(b)(5) as the sentence is not illegal. Here, defendant's arguments regarding the sentencing court's imposition of consecutive sentences for the murder and aggravated assault offenses fall outside Rule 3:21-10(b)(5)'s limited reach. See State v. Flores, 228 N.J. Super. 586, 596 (App. Div. 1988) ("perceiv[ing] no need to make [PCR] an open sesame for the wholesale review of sentences."). The terms did not exceed their permissible statutory ranges, and the extended term was properly imposed.

In addition, these precise challenges were previously considered and denied on direct appeal and prior motion to correct the sentence. Critically, we previously scrutinized the sentencing court's reasoning in imposing consecutive sentences and determined the circumstances surrounding defendant's distinct crimes "involv[ing] offenses in the homes of two victims at separate times warrant[ed] the consecutive sentence for the murder and aggravated assault, and we ha[d] no basis for disturbing the extended term sentence for aggravated assault." Tozer, No. A-4095-95, slip op. at 11. We explicitly reviewed the fairness of the aggregate sentence and modified the sentence regarding the imposition of consecutive terms for the burglaries. Id. at 10. We affirmed the trial court's denial of defendant's subsequent challenge to the legality of the

adjusted sentence. Id. at 12. We need not address the consecutive nature of this sentence again. See State v. Njango, 247 N.J. 533, 544 (2021).

We discern nothing in the Supreme Court's decision in Torres warranting a different result. See generally Torres, 246 N.J. at 246. Torres did not create a new rule of law requiring retroactive application. See State v. Feal, 194 N.J. 293, 308-09 (2008); see also State v. Burstein, 85 N.J. 394, 403 (1981) (stating "retroactivity can arise only where there has been a departure from existing law."). The Court instead reviewed fundamental sentencing principles and "reiterate[d] the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on 'the fairness of the overall sentence.'" Torres, 246 N.J. at 270 (quoting State v. Miller, 108 N.J. 112, 121 (1987)). We have already reviewed and are again satisfied that defendant's sentence is aligned with the core principles of fairness and uniformity reinforced by the Supreme Court in Torres.

IV.

We similarly reject defendant's claims that the motion court erred in failing to conduct a hearing or appoint counsel to represent him. Rule 3:21-10(c) states that a "hearing need not be conducted . . . unless the court . . . concludes that a hearing is required in the interest of justice."

Similarly, <u>Rule</u> 3:21-10(c) leaves appointment of PCR counsel to the court's discretion upon "a showing of good cause." As defendant's motion reprised already-denied claims regarding his sentence that is not illegal within the meaning of <u>Rule</u> 3:21-10(b), we discern no abuse of discretion in the motion court's decisions on these related matters.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-3025-22