**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2413-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPH W. SPEIGEL, a/k/a
CHRISTOPHER W. SPEIGEL,
DAVID SPEIGEL, CHRIS
SPEIGEL, CHRIS W. SPEIGEL,
CHRISTOPH SPEIGEL, and
CHRISTOPH W. SPIEGEL,

    Defendant-Appellant.

_____

Submitted November 12, 2024 – Decided August 22, 2025

Before Judges Sabatino and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 22-02-0068.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the briefs).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (James E. Moore, Assistant Prosecutor, on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Christopher Speigel pleaded guilty to second-degree burglary, N.J.S.A. 2C:18-2(a)(1), and first-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(j). He was sentenced to an eight-year term of imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the burglary conviction and an eleven-year term on the weapons conviction. The weapons-conviction sentence was to run concurrent to the burglary-conviction sentence. We affirm the sentence on the burglary conviction and otherwise remand to the trial court for consideration of the N.J.S.A. 2C:39-5(j) conviction and sentence in light of State v. Cromedy, ___ N.J. ___ (2025).

Defendant's appeal initially was heard on a sentencing calendar pursuant to Rule 2:9-11. At argument, an issue arose as to whether a conviction under N.J.S.A. 2C:39-5(j) was subject to the mandatory parole disqualification set forth in the Graves Act, N.J.S.A. 2C:43-6(c). This court permitted the parties to brief the issues under appeal.

In a counseled brief, defendant argues:

POINT ONE

THIS MATTER SHOULD BE REMANDED TO THE TRIAL COURT FOR RESENTENCING BECAUSE THE TRIAL COURT MISUNDERSTOOD THAT IT HAD THE DISCRETION TO IMPOSE ANY SENTENCE FOR BURGLARY BETWEEN FIVE AND EIGHT YEARS, SUBJECT TO NERA.

POINT TWO

THE PARTIES TO THE PLEA AGREEMENT CORRECTLY CONCLUDED THAT N.J.S.A. 2C:39-5(j) IS NOT A CRIME SUBJECT TO THE MANDATORY MINIMUM SET FORTH IN THE GRAVES ACT (N.J.S.A. 2C:43-6(c)).

In a pro se brief, defendant argues:

THE MATTER MUST BE REMANDED FOR RECORD DEVELOPMENT, AND RESPONDENTS OUGHT TO BE SANCTIONED FOR THE DEATH-BED DEAL.

IT IS A LIE THAT DEFENDANT'S 2nd-DEGREE BURGLARY CHARGE IS "CONTROLLING" AND WILL NOT CHANGE BY VACATING THE ELEVEN FLAT, BECAUSE REMOVAL OF THE WEAPON WILL REDUCE THE EXPOSURE TO ONLY A 3rd-DEGREE CRIME.

THE RECORD MUST BE DEVELOPED FOR CONFLICT.

I.

Based on events that took place on November 17, 2021, a grand jury in 2022 returned an indictment and charged defendant with:  first-degree attempted

3

murder, N.J.S.A. 2C:5-1(a)(1) and 11-3(a)(1); first-degree robbery, N.J.S.A. 2C:15-1(a)(1-3); two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); two counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); second-degree burglary, N.J.S.A. 2C:18-2(a)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a)(1); third-degree terroristic threats, N.J.S.A. 2C:12-3(b); first-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(j); and second-degree certain person not to possess weapons, N.J.S.A. 2C:39-7(b)(1).

Pursuant to a negotiated plea agreement, defendant in 2023 pleaded guilty to second-degree burglary and first-degree unlawful possession of a weapon. As set forth in a January 4, 2023 plea form executed by the prosecutor, defendant, and defense counsel, in exchange for defendant's guilty pleas to those two charges, the State agreed to the dismissal of the other charges and to recommend sentences of eight years of imprisonment subject to NERA for the burglary conviction to be served concurrent with eleven years of imprisonment for the weapons conviction. In the plea form, the parties expressly agreed defendant could argue for a sentence of less than eight years of imprisonment for the burglary conviction, stating: "defendant can argue for less than 8 years." In the

form, the parties also acknowledged the State had consented to a "[three]-day furlough for medical reason" and that defendant could "ask for release [until] sentence."

On January 5, 2023, the court conducted a plea hearing during which defendant pleaded guilty to the burglary and weapons charges in accordance with the terms of the plea agreement. At the plea hearing, defendant's attorney discussed defendant's ability to request a lower sentence on the burglary conviction: "[T]he way we worded it i[s] the State is recommending an eight NERA, but the plea allows us to ask the court at sentencing to go as low as five NERA on that [sic], and I think we're in agreement on that." The prosecutor agreed with counsel's statement.

At the plea hearing defendant admitted that on November 17, 2021, he had entered the victim's house without permission and with a loaded handgun for the purpose of threatening him. Defendant also admitted he previously had been convicted of second-degree burglary. Defense counsel confirmed with defendant, who had been placed under oath, defendant's understanding that because he previously had been convicted of second-degree burglary, he was charged with a first-degree crime of "having possession of the handgun by a convicted person."

The court reviewed on the record the terms of the plea agreement and confirmed with defendant his agreement to those terms. The court also confirmed with defendant that his guilty pleas were voluntary, he had not been pressured or coerced into entering them, and he understood that by pleading guilty he was giving up certain rights, including the right to a jury trial. Finding defendant had entered the guilty pleas freely and voluntarily and had knowingly waived his rights, the court accepted the guilty pleas and found defendant guilty of both charges. The court granted a three-day furlough.

On March 2, 2023, the court conducted a sentencing hearing. During the hearing, defense counsel urged the court to consider the lower end of the sentence for the second-degree burglary conviction:

> Judge, we are asking that the court give consideration to the lower end of the second degree and, Your Honor, the way we structured the plea agreement the court could give him eight or the court could give him five. It is left really to the court's discretion on that, and I think that we're all in agreement that it was not a plea to an eight. It was a plea to not to exceed eight, but we have the right and the court, if Your Honor deemed it appropriate, has the . . . discretion to give him as low as a five on that. So we do ask the court to please consider the court's discretion for the lower end of that second degree.

The court acknowledged defendant's right to argue for a sentence of less than eight years for the second-degree burglary conviction:

6

And just so the record is clear . . . . The plea was an eleven flat concurrent to an eight that's subject to NERA, but the plea agreement does, does [sic] contemplate essentially this discussion, that at the time of sentencing the defense had the ability to argue for less than the eight NERA that's concurrent to the eleven flat.

The State disagreed with counsel's description of the plea agreement: "I disagree with [defense counsel] in this regard. . . . the way he says it[,] it looks like the plea is written up that . . . the State's recommendation is between a five and an eight." The State described the plea agreement as "an eight, to argue for less." The State explained:

. . . [A]ll pleas are caps. So any defendant can always argue for less and then, of course, that has ancillary consequences with regard to the way my office views such things if it wasn't in the paperwork. But . . . I don't want Your Honor to think that the plea calls for that five to eight which essentially would or could essentially make Your Honor's job — and it's difficult enough, but a little easier to maybe find a six and a half or seven. But I am asking for the full eight, Judge.

After hearing arguments from both sides, the court sentenced defendant to an eight-year term of imprisonment, subject to NERA, on the second-degree burglary conviction and an eleven-year term of imprisonment on the first-degree weapons conviction. The court explained its reasoning for the sentences in detail:

I'm not going to reduce the eight. I appreciate the arguments, but my — my biggest reasoning is that not just the extensive criminal history that you have, but this particular even[t] is among the worst of all of the offenses that you had, and my biggest concern is that any time you involve a weapon or a handgun . . . it's just tougher to shoot somebody when you don't have a gun, and when you have a gun it's a lot easier to shoot somebody whether it's by accident or on purpose, especially when there's a struggle, and that's essentially what happened here. The relationship or the breakdown of the relationship with this friend of yours was — who you've been friends with for [forty] years, and whatever was going on at that time, the whole thing is unfortunate. It is fortunate that the results weren't worse with regard to the firing of the weapon. But because here, and I take into consideration your long-standing struggle with drugs and alcohol, which essentially is reflected in the criminal history, that the person that you were that was making the decisions at the time of this particular charge is different than who you are today and, frankly, I think — It seems to me, and I could be absolutely wrong, that learning of your father's failing health, being able to see your father and then everything that happened thereafter coincided with a shift in your thinking in terms of your being ready and prepared to address this, deal with it, and move on to serve your time.

After discussing defendant's "extensive criminal history," the court further elaborated on why it was not imposing a shorter sentence than the recommended eight-year term for the second-degree burglary conviction:

While I agree really with both sides, the plea agreement allowed [defense counsel] to come in here and argue for less than the eight. But I also agree with

8

[the State] that . . . it didn't serve as a cap or with a built-in this is likely to be reduced, and I say that mostly because . . . I think the ultimate resolution that's here, the eleven flat and the eight NERA was following significant efforts on [defense counsel's] part to essentially arrive at a plea agreement as to those time frames that were among the best available to you, and because of the history and because of the circumstances of this event, albeit taking into consideration the difference in terms of . . . your perspective with the court today versus what it was at the outset, I'm going to leave those time frames in.

The court also made findings as to aggravating and mitigating factors:

I find by clear and convincing evidence that aggravat[ing] factors three, six, and nine apply, three with regard to concerns that the cycle of addiction will return for [defendant], that he has a substantial criminal history as indicated by the State, as well as the court, and that there's a need to deter this defendant and others from any crimes involved with weapons, specifically the weapons offense that was involved in this offense that led to the sentence and the plea.

The court further finds clearly and convincingly, given the weight and nature of all factors, the aggravating factors substantially outweigh any potential mitigating facts. The court does find no factors of mitigation.

The court entered the judgment of conviction the same day it held the sentencing hearing. This appeal followed.

## II.

Our "standard of review of a sentencing decision is well-established and deferential." State v. Vanderee, 476 N.J. Super. 214, 235 (App. Div. 2023), certif. denied, 255 N.J. 506 (2023). We review a trial court's sentencing decision under an abuse-of-discretion standard. State v. Konecny, 250 N.J. 321, 334 (2022). "We 'must not substitute [our] judgment for that of the sentencing court.'" Vanderee, 476 N.J. Super. at 235 (alteration in original) (quoting State v. Liepe, 239 N.J. 359, 370 (2019)). Nevertheless, we are charged with ensuring the trial court's findings and balancing of aggravating and mitigating factors are supported by adequate evidence in the record and that the sentence imposed is neither inconsistent with the sentencing provisions of the Code of Criminal Justice nor shocking to the judicial conscience. See ibid.; see also State v. Rivera, 249 N.J. 285, 297-98 (2021).

We presume "'[a] sentence imposed pursuant to a plea agreement is . . . reasonable' because it is predicated on the defendant's voluntary, knowing waiver of his constitutional rights." State v. Bell, 250 N.J. 519, 542 (2022) (quoting State v. Fuentes, 217 N.J. 57, 70-71 (2014)). "[A] sentence recommended as part of a plea agreement, however, may be vacated if it does not comport with the sentencing provisions of our Code of Criminal Justice."

10

Fuentes, 217 N.J. at 71; see also Rivera, 249 N.J. at 298. We recognize the discretion of the trial court controls in sentencing, not the plea agreement. State v. Bieniek, 200 N.J. 601, 607 (2010); see also State v. Nance, 228 N.J. 378, 394 (2017) (finding "although the court may impose the sentence recommended by the State under the plea agreement, it is not required to do so").

Defendant does not argue on appeal that the sentence imposed by the court on the burglary conviction failed to comport with the sentencing provisions of the Code or the terms of the plea agreement or was otherwise shocking to the conscience. To the contrary, defendant concedes the State, as part of the negotiated plea agreement, had agreed to recommend sentences consisting of an eight-year term of imprisonment, subject to NERA, on the burglary conviction and a concurrent eleven-year term on the weapons conviction. See State v. Rodriguez, 466 N.J. Super. 71, 108 (App. Div. 2021) (finding "[o]ne of the quintessential features of plea bargaining is the State's agreement to reduce a defendant's penal exposure in exchange for the defendant's guilty plea."). And the sentences imposed by the court are consistent with that recommendation.

Instead, defendant argues the case should be remanded for resentencing because the sentencing court did not understand it had the discretion to impose a five- to eight-year term of imprisonment, subject to NERA, in sentencing

11

defendant on the burglary conviction. Defendant contends the court's reference to the efforts counsel had made to reach a plea agreement and its conclusion "to leave those time frames in" indicate the court "did not fully appreciate" it had the discretion to impose a sentence "regardless of the prosecutor's recommendation." But a review of the entire transcript of the sentencing hearing belies that argument. See Vanderee, 476 N.J. Super. at 238 (holding "[s]entences can . . . 'be upheld where the sentencing transcript makes it possible to readily deduce the judge's reasoning'" (quoting State v. Miller, 205 N.J. 109, 129-30 (2011))) (internal quotation marks omitted).

In his presentation, defense counsel told the court it could sentence defendant on the burglary charge to a sentence of "eight [years] or the court could give him five. It is left really to the court's discretion on that . . . ." In response, the State confirmed defendant could argue for less than the eight-year term the State had agreed to recommend in the plea agreement. In rendering its sentencing decision, the court acknowledged defendant had the right to argue for a shorter sentence for the burglary conviction and explained at length why it was not sentencing defendant to a shorter term of imprisonment. The court identified its "biggest reason[]" for the eight-year sentence, and it wasn't the parties' plea agreement. The court stated it had decided against sentencing

defendant to a shorter term "not just [because of defendant's] extensive criminal history," but because the burglary at issue was "among the worst of all of the offenses" defendant had committed. The court also explained its consideration of aggravating and mitigating factors.

Reviewing the sentencing decision as a whole, as we must, we perceive no confusion or lack of understanding by the trial court. See State v. Canfield, 470 N.J. Super. 234, 343 (App. Div. 2022) ("[W]e consider all of the findings made by the sentencing court"), aff'd as modified, 252 N.J. 497 (2023). Accordingly, we affirm the sentence imposed on the burglary conviction.

III.

The parties initial briefing on the N.J.S.A. 2C:39-5(j) issue was premised on State v. Cromedy, 478 N.J. Super. 157 (App. Div. 2024). The Supreme Court subsequently reversed that decision. Cromedy, ___ N.J. at ___ (slip op. at 24). In a supplemental brief submitted after the Supreme Court issued Cromedy, the State concedes it is "constrained to agree that [defendant's] conviction and sentence on that [N.J.S.A. 2C:39-5(j)] charge must be vacated, a result mandated by the Supreme Court decision in Cromedy." We remand the case to the trial court for consideration of the N.J.S.A. 2C:39-5(j) issue in light of those

developments. We direct the trial court to convene a conference within thirty days of the date of this decision.

We find insufficient merit in the remaining arguments defendant raises to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

Affirmed in part; remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division